

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 8, 1939

Hon. Charles R. Martin
County Auditor
Harrison County
Marshall, Texas.

Dear Sir:

Opinion No. 0-449
Re: Procedure of State Comptroller
in allocating Legislative Appro-
priation to county Officer's
Salary Fund for county attorney
performing duties of district
attorney and criminal district
attorney.

This will acknowledge receipt of the inquiry
submitted by you on March 6, 1939, relative to the above
stated matter. We regret our failure to answer you soon-
er due to much pressing business of this Department, and
hope the delay has not unduly inconvenienced you.

In your letter of inquiry you set out Article
3912-e, Sec. 15, subsection a, Vernon's Revised Civil
Statutes, being the same as Sec. 15-(a) of S. B. No. 5,
Ch. 465, General and Special Laws of the Forty-Fourth
Legislature at its Second Called Session, p. 1762 at
p. 1772. This reads as follows:

"(a)  The compensation of a criminal
district attorney, or county attorney who per-
forms the duties of district attorney, together
with the compensation of his assistants, shall
be paid out of the county Officer's Salary Fund,
but the State shall pay into such fund each year
an amount equal to a sum which bears the same
proportion to the total salary of such criminal
district attorney, or county attorney performing
the duties of a district attorney, together with

Hon. Charles R. Martin, April 8, 1939, Page 2

the salery of his assistants, as all felony
fees collected by such official during the
year of 1935 bear to the total fees collect-
ed by such official during such year."

Your letter contains the following paragraph:

"This statute is a little confusing to
me, and I would appreciate an opinion from
your Department just how the Comptroller's
office properly allocate the appropriation
by the Legislature payable to the Officer's
Salary Fund for the county attorney's office."

We take it you wish our opinion as to whether
the procedure followed by the Comptroller's office is
legal and is a correct application of the statute herein-
above quoted.

You did not set out the procedure followed by
the Comptroller, hence we interviewed Mr. Beale in charge
of that phase of the Comptroller's work. From him we
received information that the county attorney of Harrison
County in 1935 collected a total of $8,857.89, of which
$3,333.00 was collected from the state in felony cases,
while other fees amount to $5,524.89. This made the
percentage paid by the State for felony cases 37.62
per cent of the total collected.

As submitted to the Comptroller, the total sal-
aries of the county attorney's office for 1939 is $6,950.00,
a total reached by addition of the salary of the county
attorney ($4,250.00) to that of his two assistants ($1,800.00
and $900.00).

The Comptroller takes the percentage arrived
at as shown above, 37.62 per cent of $6,950.00, which
is $2,614.59, the amount due by the State to Harrison
County for the year 1939, under the provisions of the
article of the statute under consideration.

But, we learn further from the Comptroller,
while under the provisions of the statute quoted, $2,614.59
is due Harrison County, there is a total of some thirty-

three counties in this State in the same category, i. e.,
with county attorneys performing the duties of district
attorneys, or criminal district attorneys. By the same
process detailed above as applicable to Harrison County,
each county participating is allowed its percentage of
the amount collected in 1935, and when this is done and
the allowable under the provisions of Sec. 15(a), supra,
are added, the total amount due by the State for 1939
is $200,922.30. However, the appropriation of money by
the Legislature is only $146,429.00 (General and Special
Law, 45th Legislature, Regular Session, p. 1165). This
being some $54,000.00 less than due all of the counties
under Article 3912-e, Sec. 15, supra, or only 72.878 per
cent thereof, and it has been the practice of the Comp-
troller to pay each county that percentage of the amount
due it under the law.

Therefore, the Comptroller, finding under the
facts mentioned above that Harrison County is entitled
to $2,614.59 under the provisions of Article 3912-e,
supra, issued its quarterly voucher for one-fourth of
72.878 per cent of that amount, or $476.36 for the quar-
ter January, February and March of this year. A like
amount will be payable at the end of each remaining quar-
ter of the year, until the appropriation made by the Legis-
lature for the year is exhausted. In other words,
Harrison County and each of the other counties similarly
situated will receive only 72.878 per cent of the amount
provided by Article 3912-e, supra, for the reason the
Legislature failed by 27.122 per cent to appropriate
enough money to meet the obligations of the State imposed
by its own law.

There is no redress for this situation except
by appeal to the Legislature, as it is a fundamental
proposition that no money may be drawn from the State
Treasury except upon specific appropriation. See Article
8, Sec. 6, Constitution of Texas; Pickle vs. Finley, 44
SW 480; Manion vs. Lockhart, 114 SW (2nd) 216.

While there are no court decisions construing
the provisions of paragraph (a), Article 3912-e, supra,
we are of opinion the Comptroller is properly applying the

Hon. Charles R. Martin, April 6, 1939, Page 4


statute, and we approve said procedure as outlined in this opinion insofar as its legality is concerned.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

Benjamin Woodall
Assistant

BW:AW

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS